UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNIC L. WOODSON, JR.,<br><br>　　　　Petitioner<br><br>　　v.<br><br>HOWARD BARRON,<br><br>　　　　Respondent. | Case No. CV 22-00075-DMG (GJS)<br><br>**ORDER DISMISSING<br>DUPLICATIVE ACTION** |

　　On January 3, 2022, Petitioner filed a 28 U.S.C. § 2241 habeas petition in this District, which was assigned Case No. CV 22-00041-DMG (GJS). The petition challenged the asserted lack of programming and medical care available to Petitioner, who is recently convicted, while he is in transit to his ultimate institution of incarceration (the "Pending 22-41 Action").

　　On January 11, 2022, Petitioner filed another Section 2254 habeas petition in this District, which led to this action (Dkt. No. 1, the "Petition"). The Petition in this action is identical in all respects to the petition filed in the Pending 22-41 Action with the exception of a later signature date and a different named Respondent. The factual allegations (brief as they are) and habeas grounds asserted in both petitions are identical.

Thus, as of the present date, Petitioner has two identical Section 2241 habeas actions pending in this District – the Pending 22-41 Action petition and the second-in-time petition filed in this case. The resources of the Court and the litigants before it are not endless and should not be expended in a duplicative manner for no good reason. There is no tenable reason for the Court to consider and rule on the same claims through two separate actions. There also is no tenable reason for two different Respondents to be forced to submit filings in two separate, but duplicative, cases (with an attendant cost and duplication of effort), especially when there should only be one appropriate respondent for Petitioner's claims. There simply is no legitimate reason for parallel, identical cases to proceed in this instance.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A plaintiff must bring one action against a party or privies relating to the same transaction or event. *Id.* at 693. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal.'" *Id.* at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"); *Shappell v. Sun Life Assur. Co.*, No. 10-cv-03020-MCE-EFB, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011)

(dismissing second of two separate, but identical, actions, observing that "[t]he inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the 'comprehensive disposal of litigation'") (citation omitted).

There is no justification for allowing two separate, but identical, cases to proceed based on what plainly is a single Section 2241 attack on Petitioner's incarceration conditions. In the interests of judicial economy, this action will be dismissed on the ground that it is duplicative of the parties and claims and matters at issue in the Pending 22-41 Action.[1]

Accordingly, IT IS ORDERED that this action is dismissed, without prejudice, on the ground that it is duplicative of a pending action; and Judgment shall be entered dismissing this action without prejudice.

**IT IS SO ORDERED.**

DATED: February 9, 2022

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court concludes that dismissal of this duplicative case is more appropriate than joinder or consolidation of the two actions. This duplicative second action should never have been instituted by Petitioner in the first instance. By doing so, he has created unnecessary work for the Court and its staff, and dismissing this action is the most efficient way in which to resolve this situation.